# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Kenneth C. Basham,**
**Claimant Below, Petitioner**

**vs.)     No. 22-0165     (BOR Appeal No. 2057370)**
                          (JCN: 2016028543)

**Blue Creek Mining,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kenneth C. Basham appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). The respondent, Blue Creek Mining, filed a timely response.[1] The issue on appeal is whether the claim should be reopened on a permanent partial disability basis. The claims administrator denied reopening of the claim on July 24, 2020. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its September 9, 2021, final decision. The decision was affirmed by the Board of Review on February 18, 2022. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

Mr. Basham, a beltman who worked at the respondent's underground coal mine, sustained a compensable right knee sprain when he stepped on a drainpipe while working on May 10, 2016. By claims administrator's order dated May 24, 2016, the claim was held compensable for right knee sprain. The claimant underwent an MRI study of the right knee on June 18, 2016, which revealed: (1) osteoarthritis with joint effusion with no acute fracture; (2) a small horizontal meniscal tear involving the posterior horn of the medial meniscus; (3) intact anterior and posterior cruciate ligaments; and (4) intact medial and lateral collateral ligaments.

Syed Zahir, M.D., performed an arthroscopic examination of the claimant's right knee on August 8, 2016. Dr. Zahir's postoperative diagnoses included internal derangement of the right knee, post-traumatic degenerative arthritis, torn medial and lateral meniscus, and arthritis of the

---

[1]Petitioner is represented by Reginald D. Henry. The respondent is represented by James W. Heslep.

patellofemoral joint. Mr. Basham received post-surgical physical therapy and injections of Marcaine, Celestone, and Synvisc.

In a report dated February 2, 2017, Prasadarao Mukkamala, M.D., noted that Mr. Basham presented with right knee pain. He was 5'11" and weighed 300 pounds. The diagnoses were right knee sprain; status post arthroscopic synovectomy; and partial medial and lateral meniscectomy with significant degree of preexisting arthrosis. Dr. Mukkamala opined that there was no causal relationship between the compensable injury and the arthritis found in the right knee. Under the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4[th] ed. 1993) ("AMA *Guides*"), Mr. Basham was found to have reached maximum medical improvement from his compensable injury with 4% whole person impairment for the partial medial and partial lateral meniscectomy. It was opined that no further treatment was needed beyond a home exercise program. Based upon the compensable condition of the right knee sprain, Dr. Mukkamala found that Mr. Basham could return to work with no restrictions; however, due to his non-compensable preexisting arthrosis, he would be limited to the sedentary/light physical demand level. Based upon Dr. Mukkamala's report, the claims administrator issued an order dated February 2, 2017, awarding Mr. Basham a 4% permanent partial disability award. Mr. Basham protested the claims administrator's decision.

On June 28, 2017, Dr. Zahir submitted a Diagnosis Update form requesting that internal derangement of the right knee, torn medial meniscus of the right knee, and torn lateral meniscus of the right knee be added to the claim as compensable conditions. On July 20, 2017, the claims administrator added the following diagnoses to the claim: (1) primary internal derangement of the right knee; (2) secondary, torn medial meniscus of the right knee; and (3) secondary, torn lateral meniscus of the right knee.

In support of his protest, Mr. Basham submitted an October 13, 2017, report from Bruce Guberman, M.D. The examination revealed range of motion abnormalities of the right knee. The impression was chronic post-traumatic strain of the right knee with internal derangement, including tears of the lateral and medial meniscus, and post-traumatic degenerative arthritis of the right knee. Dr. Guberman found the claimant to be at maximum medical improvement with 8% whole person impairment due to the compensable injury.

Mr. Basham then attended an independent medical evaluation with Marsha L. Bailey, M.D., on January 11, 2018. The claimant was diagnosed with right knee sprain/strain and acute tear through an already degenerated medial meniscus. Dr. Bailey found that the claimant had reached maximum medical improvement with regard to the compensable injury with 8% whole person impairment. Using the Diagnosis Based Estimate, because she found the Range of Motion model too confounded due to preexisting osteoarthritis, Dr. Bailey determined that Mr. Basham had 4% whole person impairment based upon Mr. Basham undergoing a partial medial and partial lateral meniscectomy.[2] However, she opined that the partial lateral meniscectomy was due to non-compensable degenerative lateral meniscal changes. Therefore, Dr. Bailey recommended 1% whole person impairment for the partial medial meniscectomy due to the compensable injury.

---

[2]The evaluating model utilized by Dr. Bailey relies not only on the claimant's medical history and physical examination, but also on medical data other than those that solely relate to range of motion.

In a final decision dated July 5, 2018, the Office of Judges affirmed the claims administrator's February 2, 2017, order granting Mr. Basham a 4% permanent partial disability award. The Office of Judges concluded that the claimant had not established by a preponderance of the evidence that he had impairment greater than the 4% recommended by Dr. Mukkamala. Although Dr. Bailey found 1% whole person impairment due to the compensable injury, her rating was deemed unreliable because she erroneously apportioned for the partial lateral meniscectomy for the torn lateral meniscus, which is a compensable condition in the claim. The Office of Judges also found Dr. Guberman's recommendation of 8% whole person impairment to be unreliable because he did not consider apportioning for degenerative changes, and his assessment was based, in-part, upon non-compensable conditions.

On July 6, 2020, Mr. Basham submitted a request to reopen the claim for the consideration of an additional permanent partial disability award. In support of his request, the claimant forwarded an independent medical evaluation report dated June 23, 2020, from Michael J. Kominsky, D.C. At the time of his evaluation, Mr. Basham was still complaining of right knee pain and occasional swelling. He was wearing a brace on his right knee for stability and using a cane for ambulating on a daily basis. After physically examining the claimant, Dr. Kominsky assessed chronic right knee sprain/strain with residual loss of motion; post-arthroscopic synovectomy; partial medial and lateral meniscectomy; internal derangement of the right knee; torn medial meniscus of the right knee; and a torn right lateral meniscus. Dr. Kominsky found 8% whole person impairment due to flexion contracture of -10 degrees, with the entire impairment attributed to the injury without apportionment.

By order dated July 24, 2020, the claims administrator denied Mr. Basham's petition to reopen the claim for additional permanent partial disability benefits. The claims administrator found insufficient medical evidence to establish a progression or aggravation of a compensable condition. Specifically, the claims administrator's order stated:

> Your petition to reopen is based upon a new report of Chiropractor Michael Kominsky. Dr. Kominsky found 8% impairment for a flexion contracture under Table 41, page 78 of the Guides. Therefore, it is not a new fact or a new finding and does not represent a progression or aggravation of the compensable injury, and the request to reopen is denied.

Mr. Basham protested the claims administrator's decision.

In a final decision dated September 9, 2021, the Office of Judges concluded that Mr. Basham failed to establish that he sustained an aggravation or progression of the compensable injury or some other fact or facts which were not previously considered which would entitle him to greater benefits than he already received. Based upon a July 5, 2018, decision, the Office of Judges concluded that Dr. Guberman's report was unreliable because his whole person impairment rating was based, in part, upon the diagnosis of post-traumatic degenerative arthritis of the right knee, which is not a compensable condition in the claim. Also, it was stated that Dr. Guberman's finding of 134 degrees of flexion and 3 degrees of flexion contracture of the right knee corresponds to no impairment under Table 41 (page 78) of the AMA *Guides*. Mr. Basham was advised by Dr.

Kominsky to follow-up with his orthopedic surgeon to determine if his right knee would need a total knee replacement. Dr. Kominsky said, "This would be related to his 05/10/2016 work injury."

The Office of Judges also found Dr. Kominsky's finding of 8% whole person impairment due to flexion contracture unreliable for reopening purposes. Although Dr. Kominsky noted no post-traumatic degenerative arthritis diagnosis in his assessment, he did state that Mr. Basham's orthopedic surgeon mentioned that he might need a total right knee replacement due to excessive post-traumatic arthritis associated with his right knee injury. The Office of Judges determined that degenerative arthritis is a significant limiting factor in Mr. Basham's claim because the evidence of record establishes that he has osteoarthritis and degenerative joint disease of the right knee. As such, the Office of Judges affirmed the July 24, 2020, claims administrator order denying Mr. Basham's reopening request for additional permanent partial disability benefits. It found insufficient medical evidence to establish a progression or aggravation of the claimant's condition. On February 18, 2022, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the decision.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or mischaracterization of the evidentiary record. *See* W. Va. Code §§ 23-5-15(c) & (d). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

On appeal, the claimant argues that the reasoning of the Office of Judges is flawed because Dr. Kominsky was aware of his arthritis and considered it in his evaluation. However, Dr. Kominsky stated that Mr. Basham's left knee examination had normal findings, so he did not believe any apportionment was necessary for the right knee injury. The claimant maintains that he has had to wear a knee brace, has had limited mobility, and experienced pain and swelling since the compensable injury. Mr. Basham asserts that he has submitted valid evidence that his condition has progressed past the original 4% whole person impairment assessment and may even require a total knee replacement surgery due to the less than optimal results of the surgery previously covered under the claim. The employer counters by insisting that the reliable medical evidence of record fails to establish that the claimant sustained a progression or aggravation of the compensable injury to justify reopening of the claim for consideration of additional permanent partial disability benefits.

Mr. Basham seeks to reopen his claim to add further diagnoses and/or an increased amount of permanent partial impairment for his work-related injuries. For purposes of obtaining a reopening of a workers' compensation claim under the provisions of West Virginia Code §§ 23-5-1 and -3, a claimant must make application in writing showing a progression or aggravation of the compensable condition or some other fact or facts which were not previously considered which would entitle the claimant to greater benefits than he or she has already received. *See* Syl., in part, *Harper v. State Workmen's Comp. Comm'r*, 160 W. Va. 364, 234 S.E.2d 779 (1977) ("For purposes of obtaining a reopening of a Workers' Compensation claim . . ., the claimant must show

a prima facie cause, which means nothing more than any evidence which would tend to justify, but not to compel the inference that there has been a progression or aggravation of the former injury.")  In support of his request to reopen his claim, Mr. Basham asserts that he has met his burden of showing a prima facie case that his progression of the compensable condition entitles him to greater benefits than he has received to date because Dr. Kominsky opined that he has 8% whole person impairment of the right knee. While the Office of Judges stated that arthritis is not a compensable diagnosis under the claim, Mr. Basham believes that it is possible that the need for a knee replacement, due to less than optimal results, is related to the compensable work injury.

After review, we agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review. The Office of Judges found Dr. Kominsky's rating of 8% whole person impairment due to flexion contracture to be unreliable for reopening purposes. It was determined that Dr. Kominsky failed to take into consideration the claimant's preexisting degenerative arthritis and erroneously considered post-traumatic arthritis as a compensable condition in the claim. Both Dr. Mukkamala and Dr. Bailey found a significant amount of preexisting arthrosis in the claimant's right knee. The reliable evidence in the record fails to establish that Mr. Basham sustained a progression or aggravation of the compensable injury to justify reopening of his claim for the consideration of additional permanent partial disability benefits.

Affirmed.

**ISSUED: October 19, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn